UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BENIE MUILU LUKANU, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00095-LEW |
| | ) | |
| TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, *et al.*, | ) ) ) | |
| | ) | |
| Respondents | ) | |

## ORDER

On this day, Benie Muilu Lukanu ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1). According to the petition, which is not verified, Petitioner was previously removed from the United States and has since reentered. Petitioner is presently subject to an order of removal. She is not presently in detention but is subject to restraints on her liberty that likely give her standing to petition for habeas corpus relief.

Petitioner claims that, given her particular circumstances, the Due Process Clause of the Fifth Amendment of the United States Constitution entitles her to a bond hearing as a *precondition* to being arrested to carry out her removal order. Petitioner also relies on alleged past practices of Immigration and Customs Enforcement, though not on any statutory entitlement found in the Immigration and Nationality Act. Petitioner also claims an entitlement to be free of electronic monitoring and curfews pending removal.

Petitioner has not filed a motion for temporary restraining order, but requests within her Petition a "prohibitory Temporary Restraining Order enjoining the Respondents from 're-arresting [Petitioner] unless and until a hearing, with adequate notice, is held in Immigration Court to determine whether [her] bond should be revoked or altered.'" Pet. ¶ 23 (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)). *See also* Pet. ¶ 24 (citing *Ferreira v. Lyons*, No. 25-cv-13809-MJJ, slip op. at *4 (D. Mass. Jan. 26, 2026).

Based on a review of the Petition and supporting documents, all of which lack verification or other attestation, the request for a temporary restraining order is denied. The request is denied at this juncture principally because the Petition is not verified. However, even if it were verified or is soon superseded by a verified petition, I am not persuaded that Petitioner is likely to succeed on the merits of her due process theory. My immediate impression of the cited authority is that it stretches precedent beyond the context in which it arose and disregards the procedural (not to mention statutory) significance of an order of removal. Furthermore, given Petitioner's current condition of being released on her own recognizance, albeit subject to monitoring, I am not persuaded that she is experiencing irreparable injury that necessitates immediate relief before Respondents are heard and before I am able to evaluate the merits fully, assuming that Petitioner files a verified petition in due course.

However, in the event that a verified petition for a writ of habeas corpus is filed, Respondents are ORDERED TO SHOW CAUSE as to why the petition should not be granted. The response is due by 5:00 p.m. three days after a verified petition is filed. *See*

28 U.S.C. § 2243.  Petitioner may file a reply within two days of Respondents' response.  *See id.*  No hearing will be held unless one is requested and unless circumstances then existing warrant a hearing.  In the absence of a hearing, the Court will promptly determine the matter based on the petition, return and response, any reply that may be filed, and documents of record.

The Emergency Order Concerning Stay of Transfer or Removal (ECF No. 3) is VACATED.  However, Respondents are ORDERED to give Petitioner's counsel 48-hour notice prior to arresting Petitioner.

SO ORDERED.

Dated this 24th day of February, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge